```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

DWAYNE JEAN-PIERRE,

               Petitioner,

vs.                             Case No.  2:09-cv-782-FtM-29DNF

STATE OF FLORIDA and FLORIDA ATTORNEY GENERAL,

               Respondents.
_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Dwayne Jean-Pierre initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on November 30, 2009, applying the mail box rule.[1] Respondent filed a Response (Doc. #11, Response) to the Petition and supporting exhibits (Doc. #9, Exhs. 1-17) consisting of post-conviction records.  Petitioner filed a Reply (Doc. #17, Reply).

The Petition challenges Petitioner's judgment of conviction entered in the Twentieth Judicial Circuit Court, Charlotte County, Florida (case number 04-001386-CF) and contains one ground for relief:

---

[1]At the time Petitioner initiated this action, he was in the custody of the Florida Department of Corrections.  Since then, Petitioner has been released from prison. Doc. #19.  Petitioner, nevertheless, satisfies section 2254(a) because he was in custody at the time he filed the petition. Mattern v. Sec'y for Dep't of Corr., 494 F.3d 1282 (11th Cir. 2007)(citing Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

> Defendant/Petitioner's charge of 'lewd or lascivious batter[y]' on January 16, 2007 was amended to "aggravated assault <u>with a deadly weapon</u>, instead of simple assault or aggravated assault with intent to commit felony.
>
> The Information/Victim Statement/ Witness Statement/ Police report all show that there w[as] no weapon, no violence or no threat to do harm to another.

Petition at 5 (emphasis in original).

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. <u>Schriro v. Landrigan</u>, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, <u>Chandler v. McDonough</u>, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. <u>Schriro</u>, 127 S. Ct. at 1940; <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert. denied</u>, 541 U.S. 1034 (2004). As discussed hereafter, the Court finds the Petition is untimely and must be dismissed.

**I. Procedural History**

**Conviction and Sentence**

On December 22, 2004, the State filed a one-count Information charging Petitioner with lewd or lascivious battery. Exh. 1. On January 16, 2007, the State filed an Amended Information charging Petitioner with aggravated assault with a deadly weapon pursuant to

Fla. Stat. § 784.021. Exh. 2. Specifically, the Amended Information stated:

> Between February 27, 2004 and March 12, 2004 in Charlotte County, Florida, [Petitioner] did unlawfully commit an assault upon A.M. DOB 11/02/89, with intent to commit a felony to wit: lewd and lascivious contact with the victim who was a minor, contrary to Florida Statute 784.012.

Id. Pursuant to a negotiated plea bargain, Petitioner stipulated to the factual predicate and entered a *nolo contendere* plea to the charge that same day. Exhs. 3-4. Petitioner signed a written plea form. Exh. 3. In accordance with the plea agreement, the Court adjudicated Petitioner guilty and sentenced him to 5 years probation. Exh. 5. Petitioner did not pursue a direct appeal.

### Violation of Probation

In June 2007, a probation officer filed an affidavit of violation of probation alleging Petitioner violated probation. Exh. 6. On October 4, 2007, Petitioner admitted to violating probation by committing new crimes. Exh. 7. On November 5, 2007, Petitioner's probation was revoked and the trial court sentenced him to 48 months in prison. Exh. 8. Petitioner did not file a direct appeal.

### Motion to Correct Illegal Sentence

On August 25, 2008, Petitioner, proceeding *pro se*, filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Exh. 9. Petitioner, in summary, alleged that his sentence was illegal because the primary offense

of lewd and lascivious battery was dismissed and the court could not sentence him to an offense that was not committed by him, or pending against him. Exh. 6. The State filed a brief in response. Exh. 10. Petitioner filed a brief in reply. Exh. 11. On November 21, 2008, the trial court issued an order denying Petitioner's Rule 3.800 motion, finding that the challenge was not cognizable under Fla. R. Crim. P. 3.800. Exh. 12. Petitioner filed a motion for clarification, which the trial court dismissed on September 8, 2009. Exhs. 13-14.

Petitioner appealed the denial of his Rule 3.800 motion on January 26, 2009. Exh. 15. The appellate court issued an order *per curiam* affirming the trial court's denial of Petitioner's Rule 3.800 motion. Exh. 16; Jean-Pierre v. State, 16 So.3d 826 (Fla. 2d DCA 2009)[table]. Mandate issued on September 15, 2009.

**II. Petitioner's Habeas Corpus Petition is Untimely**

Petitioner filed his Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Neither party disputes the applicability of the AEDPA.

Respondent seeks dismissal of the Petition as time-barred due to the Petitioner's failure to comply with the one-year period of

limitations as set forth in § 2244(d).  <u>See</u> Response at 5-7.  On April 24, 1996, the President signed into law AEDPA.  This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner's conviction became final well before his probation was revoked. That revocation did not affect the finality of Petitioner's original judgment and conviction. The instant Petition only challenges Petitioner's original plea-based judgment of conviction entered on January 16, 2007. The factual predicate for Petitioner's claims, an alleged defect in the Amended Information, was known at that time Petitioner entered a negotiated plea to those reduced charges. Accordingly, AEDPA's one-year statute of limitations began to run when Petitioner's original conviction became final. His probation revocation did not resurrect, toll or otherwise extend the AEDPA deadline. See Mattern v. Sec'y Dep't of Corr., 494 F.3d 1282, 1285 (11th Cir. 2007)(recognizing that the judge correctly noted that more than one year elapsed between the finality of the petitioner's original conviction and the date on which he filed his federal petition)); Wright v. State, Case No. 8:06-cv-1704-T-27EAJ, 2008 WL 1986184 (M.D. Fla. May 6, 2008)(finding AEDPA's one-year statute of limitations began to run from the date of the original conviction, not the date of parole revocation, with regard to claims against petitioner's original conviction).

This Court is persuaded by the court's rationale in Wright:

> Under 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations for challenging any substantive issues relating to a trial court judgment which imposes probation begins to run when the judgment imposing probation becomes final. See Caldwell v. Dretke, 429 F.3d 521, 530 (5th Cir. 2005) [cert. denied, sub. nom,

> Caldwell v. Quarterman, 549 U.S. 970 (2006)]. By contrast, any claims arising from the revocation of probation would begin to run when the judgment that revoked the petitioner's probation became final. See Davis v. Purkett, 296 F. Supp. 2d 1027, 1029-30 (E.D. Mo. 2003). Because petitioner is challenging two separate judgments by challenging both his underlying conviction and his subsequent probation revocation in a single habeas petition, the one year limitations period would begin to run for each of these separate judgments at different times. See Wilkinson v. Cockrell, 240 F.Supp.2d 617, 620-22 (N.D. Tex. 2002)
>
> . . . . .
>
> In summary, with respect to [p]etitioner's challenge to his original judgment and conviction, the AEDPA one-year statute of limitations began to run when his conviction became final on May 31, 2001, ninety days after his conviction and sentence were affirmed on March 2, 2001. See Bond v. Moore, 309, F3d 770, 772 (11th Cir. 2002); Chavers v. Secretary, Fla. Dept. of Corrections, 468 F.3d 1273 (11th Cir. 2006).

Wright, 2008 WL 1986184 *4 (quoting Williams v. Vashinder, 2006 WL 2123908 (E.D. Mich. July 27, 2006)).

As previously stated, in the case sub judice, Petitioner only challenges his original conviction imposing probation and raises no claims against his parole revocation hearing. Therefore, the Court finds § 2244(d)(1)(A) triggered the one-year limitation period from the date the original conviction became final. See Mattern, 494 F.3d at 1286.

Upon entry of January 16, 2007 judgment of conviction, Petitioner did not file a direct appeal. Thus, Petitioner's judgment became final 30 days later, when his time expired to file a direct appeal, or on February 15, 2007. See Pugh v. Smith, 465

F.3d 1295, 1299-1300 (11th Cir. 2006)(recognizing a petitioner did not receive the benefit of the 90-day grace period to file a writ of *certiorari* to U.S. Supreme Court when the petitioner did not pursue an appeal to the state court of last resort); 28 U.S.C. § 2244(d)(stating the limitation period shall run from "the date on which the judgment became final by the conclusion of direct review, or the expiration of the time for seeking such review."). In Florida, a notice of appeal must be filed within 30 days after the entry of the decision or judgment at issue. Fla. R. App. P. 9.140(b)(2); McGee v. State, 684 So. 2d 241 (Fla. 2d DCA 1996). Thus, Petitioner had through February 15, 2008, to file a § 2254 Petition, unless Petitioner availed himself of one of the statutory provisions which extends or tolls the time period. 28 U.S.C. § 2244(d)(2). See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (citations omitted)(recognizing that limitations period should be calculated using the anniversary date of the triggering event).

Under § 2244(d)(2), the one-year period is tolled during the pendency of any "properly filed" state post-conviction proceeding. Petitioner's first post-conviction matter was his Rule 3.800 motion, filed after his probation was revoked, on August 25, 2008. Thus, Petitioner filed his 3.800 motion, 190 days *after* the AEDPA time period expired. Further, the trial court denied Petitioner relief on his Rule 3.800 motion, finding that it was improperly

filed. Even if the motion had been "properly filed," this proceeding did not toll the statute of limitations because the one-year period had already expired. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)(stating "[a] state court filing after the federal habeas filing deadline does not revive it"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000), cert. denied, 531 U.S. 991 (2000)(stating "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

In response to the Respondent's argument that the Petition is time-barred, Petitioner submits that he is actually innocent. See Reply at 1-2. However, Petitioner's actual innocence argument fails as well. Neither the Supreme Court, nor the Eleventh Circuit Court of Appeals have held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period. Johnson v. Fla. Dep't of Corr., 513 F.3d 1328 (11th Cir. 2008). Assuming that such an exception exists, the petitioner must first make a sufficient showing of actual innocence. This requires the petitioner to produce new reliable evidence, that was not presented at trial, and to establish "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 1334. "[A]ctual innocence' means factual innocence, not mere legal insufficiency." Id. Here, Petitioner has made no such showing, particularly in a case where

-9-

Petitioner stipulated to the facts of the crime and entered a knowing and voluntary plea to the charges.

The United States Supreme Court recognizes that AEDPA's statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is entitled to equitable tolling only if he can demonstrate that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Id. at 2562 (internal quotations and citations omitted). As to the first prong, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." Id. at 2565. Second, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." Id. at 1268 (citations omitted). Petitioner fails to demonstrate that he is entitled to equitable tolling. As discussed above, the Amended Information was apart of the negotiated plea bargain, to which Petitioner entered a knowing and voluntary plea.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Respondent's Motion to Dismiss Petition as Untimely, (Doc. #11) contained within the Response, is **GRANTED**. The Petition for Writ of Habeas Corpus is **DISMISSED with prejudice** as untimely pursuant to § 2254(d).

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. "A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). The


issues raised by Petitioner does not satisfy these standards. Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___11th___ day of July, 2011.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record